IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS LAUGHNER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3060 |
| | ) | |
| v. | ) | |
| | ) | |
| DAN NIVINS, Both | ) | MEMORANDUM AND ORDER |
| Official/Individual Capacity, DON | ) | |
| COFFMAN, Both Official/Individual | ) | |
| Capacity, DEPARTMENT OF | ) | |
| CORRECTIONS, KATHY MARSH, | ) | |
| Dr., Both Official/Individual | ) | |
| Capacity, and RICK MCNEESE, Dr., | ) | |
| Both Official/Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint on March 1, 2007. (Filing No. 1.) On March 9, 2007, Plaintiff filed an amended complaint. (Filing No. 7.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 11.) Plaintiff also filed eight motions which are pending as of the date of this order. The court now conducts an initial review of the complaint and amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.    INITIAL REVIEW OF COMPLAINT

### A.    Summary of Complaint

Plaintiff filed his complaint in this matter on March 1, 2007, naming only Dan Nivens and Don Coffman as Defendants in both their official and individual capacities. (Filing No. 1.) On March 9, 2007, Plaintiff filed an amended complaint adding the Nebraska Department of Corrections ("NDCS") as a Defendant in its

official capacity, and Dr. Kathy Marsh and Dr. Rick McNeese as Defendants in both their official and individual capacities. (Filing No. 7.) The court construes the complaint and amended complaint as follows.

In his complaint, Plaintiff alleges that Defendant Nivens denied him due process in the classification process at the "Nebraska State Prison, Diagnostic/Evaluation Center." In particular, Plaintiff alleges that Defendant Nivens did not interview Plaintiff or conduct an investigation prior to recommending that Plaintiff attend a residential drug treatment program. Plaintiff alleges that his failure to participate in the residential drug treatment program will prevent him from being paroled. Plaintiff further alleges that Defendant Nivens retaliated against Plaintiff by "verbally attacking" Plaintiff. Plaintiff also alleges that Defendant Nivens will not re-evaluate Plaintiff regarding the residential treatment program. The allegation against Defendant Coffman is that Coffman refuses to get involved in the dispute between Plaintiff and Defendant Nivens.

In his amended complaint, Plaintiff alleges that Defendant McNeese is Defendant Nivens' supervisor. Plaintiff further alleges that Defendant McNeese was aware of Nivens' actions, including the alleged retaliatory conduct and failure to evaluate Plaintiff, and took no action. Plaintiff alleges that Defendant Marsh will not meet with him. Plaintiff alleges generally that the NDCS' residential treatment program violates the Eighth Amendment and other federal constitutional provisions. In particular, Plaintiff alleges that the NDCS' residential treatment program constitutes "cruel and unusual punishment," lacks an adequate classification process and takes away "limited liberty" without due process.

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

A pro se plaintiff's allegations are construed liberally. *Burke*, 294 F.3d at 1043-44 (citations omitted). Further, a pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. Ne. Civ. R. 15.1(b).

### **C.    Discussion of Claims**

Under the standards set forth above, and for purposes of this order, the court considers the complaint and amended complaint together. Plaintiff's motions for leave to file amended complaint (filing nos. 12 and 20) are therefore granted. Additionally, the court will consider the amended complaint as supplemental to the original complaint in accordance with the Local Rules of this District. Ne. Civ. R. 15.1(b).

1.   Claims Against Defendant Dan Nivens

As set forth above, to state a claim for relief in an action under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff here alleges that Mr. Nivens' actions while employed as a "Drug/Alcohol Counslor" (*sic*) by the "Nebraska State Prison, Diagnostic/Evaluation Center" violated Plaintiff's right to due process and equal protection of laws. In particular, Plaintiff alleges that Defendant Nivens' failure to evaluate or re-evaluate Plaintiff violated Plaintiff's constitutional rights.

Plaintiff also alleges that Defendant Nivens retaliated against Plaintiff and threatened him for filing this action. Because Plaintiff has stated a valid claim for relief under 42 U.S.C. § 1983, the claims against Defendant Nivens as set forth in this order may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

2.   Defendant Don Coffman

Liberally construed, the complaint alleges that Defendant Coffman refuses to get involved in the dispute between Plaintiff and Defendant Nivens. Plaintiff does not allege that Defendant Coffman is Defendant Nivens' superior or is directly involved in any alleged constitutional violations. Based on these allegations, the court knows of no cognizable claim resulting from such conduct. All claims against Defendant Coffman are therefore dismissed without prejudice.

### 3. Defendant McNeese

The amended complaint sought to add Defendant McNeese. (Filing No. 7.) The court treats the amended complaint as filed pursuant to Federal Rule of Civil Procedure Rule 15(a) because the time for a responsive pleading had not yet expired when Plaintiff filed the amendment. Fed. R. Civ. Pro. 15(a). Additionally, the court treats the amendment as supplemental to, rather than as superseding, the original complaint under the Local Rules of this District. Neb. Civ. R. 15.1(b).

Plaintiff alleges that Defendant McNeese is Defendant Nivens' supervisor. He further alleges that Defendant McNeese knew of Defendant Nivens' failure to evaluate or re-evaluate Plaintiff and knew of Defendant Nivens' retaliatory actions. Plaintiff also alleges that Defendant McNeese took no action in spite of this knowledge. Liberally construed, it cannot be said that Plaintiff can prove no set of facts which would entitle him to relief against Defendant McNeese. *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Therefore, the claims against Defendant McNeese may proceed. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 4. Defendant Kathy Marsh

Liberally construed, the amended complaint alleges that Marsh refuses to meet with Plaintiff. Plaintiff does not allege that Defendant Marsh is Defendant Nivens' superior or is directly involved in any alleged constitutional violations. Based on these allegations, the court knows of no cognizable claim resulting from such conduct. Any claims against Defendant Marsh are dismissed without prejudice.

### 5. Defendant Department of Corrections

Plaintiff asserts several claims against the NDCS, including claims which the court construes as Eighth Amendment violations and due process violations relating to the classification process. The NDCS is a state entity which is protected by Eleventh Amendment immunity. The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Treleven v. Univ. of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).

The amended complaint is unclear regarding the relief sought against the NDCS. To the extent that Plaintiff's claims seek monetary damages against the NDCS, those claims are dismissed without prejudice. However, the court grants Plaintiff 30 days of the date of this order in which to amend his complaint to specify the relief sought against the NDCS.

## II. APPOINTMENT OF COUNSEL

In his complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The request for the appointment of counsel is therefore denied without prejudice.

## III. PENDING MOTIONS

Plaintiff filed eight separate motions in this action: three motions regarding the status of this action (filing nos. 9, 17 and 21), a motion for temporary restraining order related to correspondence from this court (filing no. 10), a motion to extend time to pay initial filing fee (filing no. 14), a motion for order of contempt regarding the filing fee (filing no. 15), and two motions for leave to file an amended complaint. (Filing Nos. 12 and 20). The motions for leave to file an amended complaint are granted as set forth above. Plaintiff's remaining motions are denied.

Filing Nos. 9, 17 and 21 are moot as a result of this order, which provides Plaintiff with the status of this case. The court construes the remaining motions as relating to the payment of the filing fee. The court notes that the filing fee in this action has been paid in its entirety and therefore filing nos. 10 and 14 are moot. Filing No. 15 is styled as a contempt motion. The court further notes that the filing fee was paid in four installments: May 3, 2007, $0.30; June 7, 2007, $8.55; July 12, 2007, $141.51; and August 8, 2007, $199.64. Because it does not appear from the record that funds were taken from Plaintiff's trust account in violation of any court order, Plaintiff's contempt motion (filing no. 15) is denied.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed on his claims against Defendants Dan Nivens and Dr. Rick McNeese as set forth in this order. However, summons will not be issued until after the amendment of Plaintiff's complaint as set forth in this order.

2. Plaintiff's claims against Defendants Coffman, Marsh, and the Department of Corrections are dismissed without prejudice.

3. Plaintiff shall have until **October 5, 2007** to amend his Complaint to clearly state a claim on which relief can be granted against Don Coffman, Dr. Kathy Marsh, and to specify the relief sought against the Nebraska Department of

Correctional Services. In the absence of Plaintiff's filing an amended complaint, this case will proceed only on the claims against Dan Nivens and Dr. Rick McNeese as set forth in this order and summons will be issued.

4.  The Clerk of court is directed to set a pro se case management deadline in this case using the following text "Review amended complaint on **October 5, 2007** and direct Clerk to issue summons if no amended complaint is filed."

5.  To the extent Plaintiff raises state law claims, the court reserves any ruling regarding whether it will exercise supplemental jurisdiction over those claims.

6.  Plaintiff's motions for leave to file amended complaint are granted. (Filing Nos. 12 and 20.) All other pending motions (filing nos. 9, 10, 14, 15, 17 and 21) are denied.

**7.**  Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

September 5, 2007                BY THE COURT:


                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge