IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS LAUGHNER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3060 |
| | ) | |
| v. | ) | |
| | ) | |
| DAN NIVINS, Both Official/Individual Capacity, DON COFFMAN, Both Official/Individual Capacity, DEPARTMENT OF CORRECTIONS, KATHY MARSH, Dr., Both Official/Individual Capacity, and RICK MCNEESE, Dr., Both Official/Individual Capacity, | ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

Plaintiff filed his complaint on March 1, 2007 and his amended complaint on March 9, 2007. (Filing Nos. 1 and 7.) Pursuant to this court's order, Plaintiff filed a second amended complaint on September 20, 2007. (Filing No. 23.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 11.)

In its September 5, 2007 memorandum and order, the court granted Plaintiff leave to amend his complaint one additional time prior to service. (Filing No. 22.) In particular, the court permitted Plaintiff to amend in order to "clearly state a claim on which relief can be granted against Don Coffman and Dr. Kathy Marsh." (*Id.*) Further, Plaintiff was permitted to amend in order to "specify the relief sought against the Nebraska Department of Correctional Services" ("NDCS"). (*Id.*)

Plaintiff's second amended complaint sets forth specific claims against Dr. Kathy Marsh and specifies the specific relief sought against the NDCS. (Filing No. 23 at 2-8.) However, Plaintiff also seeks to add two additional Defendants, Candace

Hanes and Rex Richards. Plaintiff seeks to add these additional Defendants in both their individual and official capacities.

In accordance with the court's September 5, 2007 memorandum and order, the court finds that Plaintiff's second amended complaint may proceed against Dr. Kathy Marsh and the NDCS. Indeed, it cannot be said that Plaintiff can prove no set of facts which would entitle him to relief against Defendants Marsh and the NDCS. *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

Regarding the addition of Defendants Hanes and Richards, Plaintiff's request is granted. Summarized and condensed, Plaintiff alleges that since the filing of this matter, Hanes and Richards have filed false misconduct reports, have refused to respond to Plaintiff's requests for law library access, and have engaged in other acts of retaliatory discipline. (Filing No. 23 at 3-6, 8-12.)

An inmate may state a cause of action for retaliatory discipline under 42 U.S.C. § 1983 "where a prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights." *Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir. 2001). Again, because it cannot be said that Plaintiff can prove no set of facts which would entitle him to relief against Defendants Hanes and Richards, those claims may proceed.

Before permitting service of process to occur, the court must address the status of Plaintiff's complaints. Amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. Ne. Civ. R. 15.1(b). However, in this instance, Plaintiff failed to restate the allegations of his previous complaints in his second amended complaint. Rather, Plaintiff states that his second amended complaint is "a supplement only to the original complaint and the previously filed amended complaint." (Filing No. 23 at

13.) Plaintiff's complaint is now spread over at least three separate documents, making service of process difficult and confusing.

In order to effect service of process, the court requires that Plaintiff consolidate his complaint into one document. Such consolidated complaint shall be titled "Third Amended Complaint" and shall be filed no later than November 30, 2007. Plaintiff is cautioned that he should not take this opportunity to further amend his claims or add parties. The court does not grant Plaintiff leave to do so. Rather, aside from consolidating all claims against all Defendants which have not previously been dismissed, no other amendments will be permitted.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendants Don Nivens, Dr. Rick McNeese, Dr. Kathy Marsh, the Nebraska Department of Correctional Services, Candace Hanes, and Rex Richards as set forth in this memorandum and order and in the court's September 5, 2007 memorandum and order.

2. The claims against Defendant Don Coffman remain dismissed without prejudice. The Clerk of the court is directed to terminate Mr. Coffman as a Defendant in this matter.

3. Plaintiff's request to correct the name of Defendant Nivens to "Don" rather than "Dan" Nivens is granted. The Clerk of the court is directed to correct the court's record accordingly.

4. Plaintiff shall have until **November 30, 2007** to file a third amended complaint. Plaintiff's third amended complaint shall consolidate his three complaints and shall contain only the claims against Defendants which have not been dismissed.

As set forth in this memorandum and order, service of process cannot proceed unless a third amended complaint is filed.

5. The Clerk of court is directed to set a pro se case management deadline in this case using the following text: November 30, 2007: Deadline for Plaintiff to file a consolidated third amended complaint.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

November 5, 2007.                BY THE COURT:


                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge